**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| RYAN JAMAL SPENCER, | ) | NO. CV 14-9868-CJC (AS) |
| Petitioner, | ) | |
| | ) | **ORDER OF DISMISSAL** |
| v. | ) | |
| E. VALENZUELA, Warden, | ) | |
| Respondent. | ) | |

On December 29, 2014, Petitioner filed a "Petition for Writ of Habeas Corpus By a Person in State Custody" ("the Petition") (Docket Entry No. 1).

The Petition challenges a November 17, 2011 disciplinary hearing decision at the California Men's Colony East Prison (where Petitioner is presently incarcerated) in which he was found guilty of theft of state property in violation of 15 California Code of Regulations ("C.C.R.") § 3012, and penalized with, among other things, the loss of 60 days of sentence credits. (Petition at 2). Petitioner contends that he was denied his right to due process.

(Petition at 5). In response to question 9 on the form Petition, see Pet. at 7, petitioner admitted to having previously filed a federal habeas petition in this Court challenging the same conviction. See Ryan Jamal Spencer v. E. Valenzuela, No. CV 14-3245-GAF (AS) ("the prior habeas action"). On October 7, 2013, the assigned Magistrate Judge issued a Report and Recommendation that recommended that the petition be dismissed with prejudice because there was some evidence in the record to support the disciplinary sanction against Petitioner for theft of state property, and the California courts' rejection of this claim was not contrary to, or an unreasonable application of, clearly established federal law. (Id.; Docket Entry No. 19). On November 8, 2013, this Court issued an Order Accepting the Magistrate Judge's Report and Recommendation and entered Judgment in the prior habeas action, denying and dismissing the petition with prejudice. (Id.; Docket Entry Nos. 22-23). On January 17, 2014, this Court denied Petitioner a Certificate of Appealability. (Id.; Docket Entry No. 28). On July 10, 2014, the United States Court of Appeals for the Ninth Circuit denied Petitioner's request for a Certificate of Appealability. (Id.; Docket Entry No. 29).

The Court must dismiss the present Petition in accordance with 28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and Effective Death Penalty Act of 1996"). Section 2244(b) requires that a petitioner seeking to file a "second or successive" habeas petition first obtain authorization from the court of appeals. See Burton v. Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive authorization from Court of Appeals before filing

second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("the prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced"). A petition need not be repetitive to be "second or successive," within the meaning of 28 U.S.C. section 2244(b). See, e.g., Thompson v. Calderon, 151 F.3d 918, 920-21 (9th Cir. 1998); Calbert v. Marshall, 2008 WL 649798, at *2-4 (C.D. Cal. Mar. 6, 2008). Because Petitioner has not obtained authorization from the Ninth Circuit Court of Appeals, this Court cannot entertain the present Petition. See Burton v. Stewart, 549 U.S. at 157.

For all of the foregoing reasons, the Petition is denied and dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 7, 2015.

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE